IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| FIRSTPAY, INC. | * | Case No. 03-30102-PM |
| | * | (Chapter 7) |
|        Debtor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. WOLFF, TRUSTEE           *
11300 Rockville Pike
Suite 408                           *
Rockville, Maryland  20852
                                    *
       Plaintiff,
                                    *
vs.                                          Adversary No. 05-_____-PM
                                    *
UNITED STATES OF AMERICA
                                    *
Serve:  United States Attorney for
       the District of Maryland        *
      Attn:  Civil Process Clerk
      6625 U.S. Court House            *
      101 West Lombard Street
      Baltimore, Maryland  21201-2692  *

       and                              *

Serve:  Attorney General of the United States  *
Department of Justice
Room B-103                          *
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001        *

and                                 *

| | |
|---|---|
| MET NICKEL HOLDINGS, LLC<br>4001 Dance Mill Road<br>Phoenix, Maryland 21131 | *<br><br>* |
| Serve: Joseph E. Dever, Resident Agent<br>4001 Dance Mill Road<br>Phoenix, Maryland 21131 | *<br><br>* |
| Defendants | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT FOR DECLARATORY JUDGMENT AND TO COMPEL TURNOVER

MICHAEL G. WOLFF ("Plaintiff"), the Chapter 7 Trustee for the Bankruptcy Estate of Firstpay, Inc. (the "Debtor"), by JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC, pursuant to 11 U.S.C. §§542 and, 550 and pursuant to 28 U.S.C. §§ 2201, et. seq. files this Complaint seeking declaratory relief against the United States of America and the taxpayer/Firstpay client referenced below and a turnover of funds held by the United States of America (Internal Revenue Service ("IRS"). For his Complaint, Plaintiff states as follows:

JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 2201, et. seq., 11 U.S.C. §§ 542 and 550 and Rule 7001 of the Bankruptcy Rules.

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157.

## THE PARTIES

4.     The United States of America is named as a defendant, herein, as the holder of funds paid over to the Internal Revenue Service.

5.     Met Nickel Holdings, LLC ("Defendant"), a limited liability company organized under the laws of the State of Maryland, is a former customer of Firstpay, Inc. (the "Debtor")

6.     On or May 16, 2003 (the "Petition Date"), an Involuntary Bankruptcy Petition was filed against the Debtor.

7.     Thereafter, Plaintiff was appointed as the Interim Chapter 7 Trustee of the Debtor's Estate and continues to serve as the Chapter 7 Trustee.

8.     An Order for Relief was entered in this case on June 25, 2003.

## FACTUAL BACKGROUND

9.     The Debtor operated a business or businesses in Burtonsville, Maryland that traded under the "umbrella" of FirstGroup.

10.     The primary business of the Debtor was the operation of a payroll service, similar in nature to those operated by established companies such as ADP.[1]

11.     As part of its business, the Debtor contracted with its clients, including Defendant, to collect taxes from its clients and to pay those taxes over to the respective local, state, and federal taxing authorities.

---

[1] By using the name of ADP, Movant does not mean to suggest that there is any relationship between the Debtor and ADP and further does not mean to suggest that the method of operations of the two companies is in any way similar. Rather, ADP is a recognized name in the industry much like Internal has become synonymous with copying and Kleenex with tissues.

12. As part of its business practice, the Debtor received power of attorney from its clients to communicate with the IRS on behalf of the clients.

13. As part of its business practice, but as generally undisclosed to its clients, the Debtor also filed change of address forms with the IRS so that all written communications went to the Debtor and not to the Debtor's clients.

14. When funds were received from the Debtor's clients, they were not generally immediately transmitted to the taxing authorities and were not deposited into segregated accounts.

15. When funds were received from the Debtor's clients, they were co-mingled as deposits into the Debtor's general accounts.

16. From time to time, the Debtor electronically transferred funds to the taxing authorities on behalf of their clients.

17. While the clients generally met their obligations to the Debtor, the Debtor did not generally meet its obligations to all of its clients.

18. Following the death of its principal, Mark Rothman ("Rothman"), it became widely known that the Debtor, while collecting money from its clients, and while paying some monies to the taxing authorities, had failed to pay over a large part of the money to the governmental agencies to whom the Debtor had contractually promised the funds would be paid.

19. In those instances where the funds were not transmitted, the Debtor made payments to the taxing authorities only when the client or the taxing authorities made specific inquiries or demands for payment.

20. Plaintiff is not aware of any circumstance in which a client overpaid the Debtor.

21. When the Debtor made an untimely payment on behalf of a client, the payment included penalties and interest.

22. Because the client had only paid the Debtor the actual taxes that were due, the Debtor had to use its general funds, including other clients' monies to pay the penalty and interest portion of the payments.

23. While other clients' monies were used to pay the penalties and interest, that fact was not disclosed to the client, to the Debtor's other clients, or to the taxing authorities.

24. In those instances, the Debtor, after making the payment, would also make a request for abatement of the penalties and/or interest, purportedly on behalf of the specific client.

25. In those instances where an abatement request was received, the IRS credited the specific client's account and, in some instances, sent a check to the client, addressed to the Debtor.

26. Because the client had paid only tax and had not remitted money for penalties and interest, the money used to pay the penalties and interest were not the client's money and, as a result, the refund, was not the client's money.

27. In the case of Defendant, on June 21, 2004, the IRS issued a Notice stating that it was holding the sum of $2,385.15 (the "Funds") representing Form 941 taxes that Defendant had overpaid for the period ending June 30, 2003. The Notice was sent to Defendant, addressed to the Debtor.

28. Following the filing of the bankruptcy case, Plaintiff advised the IRS that he believed that the Funds were property of the Debtor's estate's and not property of the Debtor's clients.

29. Upon information and belief, the IRS wrote to each affected client and made those clients aware of the refund and asked for documentation to establish that the refunds belonged to the client and not the Debtor.

30. In limited and unusual circumstances, the IRS was provided with documentation and, following consultation with and review of the documents by Plaintiff, the funds were released to that client.

31. Defendant has never provided any documentation to establish that it has an interest in the Funds and, Plaintiff asserts that the Funds are property of the Debtor's Estate.

## COUNT I
### Declaratory Judgment

32. The allegations set forth in paragraphs 1 through 31 of this Complaint are incorporated herein by reference.

33. An actual controversy exists among the parties as to who is entitled to the Funds.

34. Plaintiff contends that he is entitled to the Funds.

35. The IRS agrees that it is not entitled to the Funds, but will not turn the Funds over to the Trustee without a determination by this Court as to the ownership of the Funds.

36. A declaratory judgment will resolve the uncertainties of the parties with respect to the entitlement to the Funds.

37. Plaintiff is entitled to a Declaratory Judgment pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201, et. seq., finding that the Funds are property of the Debtor's estate.

WHEREFORE, Plaintiff demands the following relief:

A. That this Court declare, adjudge, and decree that the Funds are property of the Debtor's Estate.

B. That this Court declare, adjudge, and decree that neither Defendant nor the IRS has any interest in the Funds; and

C. For such other and further relief as the nature of this cause may require.

## COUNT II
### Turnover - 11 U.S.C. § 542

38. The allegations set forth in paragraphs 1 through 37 of this Complaint are incorporated herein by reference.

39. The IRS has actual knowledge of the Debtor's bankruptcy case.

40. The IRS is in possession, custody, or control of the Funds which are property of the Debtor's bankruptcy estate.

41. The Funds are property that Plaintiff may use.

42. The Funds are not of inconsequential value.

43. The Bankruptcy Trustee is entitled to immediate possession of the Funds in the IRS's possession.

WHEREFORE, Plaintiff prays:

A. That this Court enter Judgment in favor of Plaintiff and against the IRS directing the IRS to immediately turn over the Funds, plus interest, in the IRS possession; and

B. For such other and further relief as the nature of this cause may require.

COUNT III
Recovery of Funds [11 U.S.C. § 550)]

44. The allegations set forth in paragraphs 1 through 43 of this Complaint are incorporated herein by reference.

45. The IRS is the initial transferee or, alternatively, the immediate transferee of the Funds.

WHEREFORE, the Plaintiff demands the following relief:

A. That this Court enter a judgment in favor of Plaintiff and against Defendant and the IRS in the amount of $2,385.15 plus pre-judgment interest from June 21, 2004, plus post-judgment interest; and

B. That this Court grant such other and further relief as the nature of this cause may require.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein, LLC
One Central Plaza
11300 Rockville Pike, Suite 408
Rockville, Maryland  20852
(301) 984-6266

Attorneys for Michael G. Wolff, Trustee