## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: | * |
| | * |
| FIRSTPAY, INC. | *  Case No. 03-30102-PM |
| | *  (Chapter 7) |
| Debtor | * |

**************************************************************************

### REPLY TO UNITED STATES OF AMERICA'S OPPOSITION TO TRUSTEE'S MOTION TO REQUIRE INTERNAL REVENUE SERVICE TO PREPARE AND FILE A PORTION OF THE DEBTOR'S SCHEDULE F

MICHAEL G. WOLFF ("Trustee"), Chapter 7 Trustee of the Estate of Firstpay, Inc. (the "Debtor"), by his attorneys, JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC, files this reply to the United States of America's Opposition to Trustee's Motion to Require Internal Revenue Service to Prepare and File a Portion of the Debtor's Schedule F (the "Opposition"):

1.      In his Motion to Require Internal Revenue Service to Prepare and File a Portion of the Debtor's Schedule F (the "Motion"), the Trustee asked for the Court to enter an Order requiring:

A.      That the Internal Revenue Service identify all clients of the Debtor who have been the subject of collection activity by the IRS on account of monies that were paid over to Firstpay but that were never credited to the accounts of such creditors;

B.      That, for each such person or entity identified, the Internal Revenue Service identify (a) the amounts that have been paid to the Internal Revenue Service directly by

1

such person or entity and (b) the amounts that the Internal Revenue Service contends is still due and owing; and

C.    That the Internal Revenue Service provide such information to the Trustee within time limits to be established by the Court.

2.    In his Motion, the Trustee requested the relief because the Internal Revenue Service ("IRS")is the only person or entity with the information that is required.

3.    In his Motion, the Trustee did not request that the IRS provide any more information than what it, and only it has.

4.    In its Opposition, the IRS has made several arguments and the Trustee addresses each of those arguments as follows:

I.    <u>The IRS is a "Party" That Can Be Compelled to Prepare Portions of Schedules</u>

5.    Bankruptcy Rule 1007 states that "the court may order the trustee, a petitioning creditor, committee, or other party to prepare and file [the relevant portion of the Schedules]."

6.    In its Opposition, the IRS argues that it is not a "party" although it provides no definition for the term "party."

7.    Instead of addressing the definition of the term "party," the IRS looks to the more specific term "party in interest" as a person "whose pecuniary interests are directly affected by the bankruptcy proceedings."  See Opposition at pages 1 and 2.

8.    The drafters of the Bankruptcy Code and the Bankruptcy Rules used the term "party in interest" in several places, but chose not to use that term in Bankruptcy Rule 1007.  The lack of the use of the term "party in interest" must be viewed to have been intentional and, as a result, a more general definition must be applicable to the term "party."

2

9.     The term "party" is defined by Webster's as follows:

> **1:** a person or group taking one side of a question, dispute, or contest   **2:** a group of persons organized for the purpose of directing policies of the government   **3:** a person or group participating in an action or affair . . .

Webster's Seventh New Collegiate Dictionary at 1615.

10.     The question thus becomes whether the Internal Revenue Service is a group that is participating in this bankruptcy case.

11.     The Opposition, was filed on behalf of the IRS by Gerald Role, an attorney employed by the Department of Justice to work in its Tax Division.

12.     Indeed, according to the Mission Statement included on the Web Site of the tax Division of the Department of Justice, it is the mission of the Tax Division to:

> represent the United States and its officers in most civil and criminal litigation that concerns or relates to the internal revenue laws.

13.     To that end, on June 13, 2003, Mr. Role entered his appearance in this case on behalf of the United States.  See Docket Entry No. 23.

14.     Bankruptcy Rule 2002(j) addresses notices that must be sent to the United States and provides:

> Copies of notices required to be mailed to all creditors under this rule shall be mailed (1) in a chapter 11 reorganization case, to the Securities and Exchange Commission at any place the Commission designates, if the Commission has either filed a notice of appearance in the case or written a request to receive notices; (2) in a commodity broker case, to the Commodity Futures Trading Commission at Washington, D.C.; (3) in a Chapter 11 case to the Internal Revenue Service at its address set out in the register maintained under Rule 5003(e) for the district in which the case is pending; (4) if the papers in the case discloses a debt to the United States other than for taxes, to the United States attorney for the district in which the case is pending and ti the department, agency, or instrumentality of the United States through which the debtor became indebted; or (5) if the filed

3

papers disclose a stock interest of the United States, to the Secretary of the Treasury at Washington, D.C.

15.    The Debtor is not and never was a Chapter 11 Debtor.  Accordingly, by Rule and as a matter of practice,  no notices were required to be sent to the Internal Revenue Service.

16.    Indeed, none of the circumstances addressed in bankruptcy Rule 2002(j) are applicable to the Debtor's case and, as a result, no governmental agency, other than the United States Trustee, is entitled to notice of any action in the bankruptcy case unless such entity interposes itself into the case and makes itself a party.

17.    The IRS, represented by Mr. Role, is receiving notices and other documents in this case because it asserted that it had an interest in these proceedings when Mr. Role's Notice of Appearance and Request for Notices was filed.

18.    In fact, as reflected by the entry on the second page of the Docket in this case, when Mr. Role entered his appearance in this case, the entry made by his office reflected that his appearance was on behalf of:

> Other party
> United States of America (IRS)

19.    The "Other Party" United States of America (IRS) having had its representation in this case entered through its counsel, it may not now be heard to argue that it is not a "party" that is subject to the provisions of Bankruptcy Rule 1007.

II.    <u>The IRS has the Information that the Trustee Seeks and requires to File Schedule F</u>

20.    The facts that were elicited in the Trustee's litigation with the United States is well know to the Court and will not be repeated herein.

4

21.     The IRS has, in fact, sought to collect, and in many cases, collected amounts from Firstpay victims that had paid their money to Firstpay.  As such, the IRS already has identified Firstpay victims and has the ability to do so.

22.     In a meeting with the IRS and its counsel, the IRS stated that, if required to pay the Trustee any amounts determined to have been preferential payments, the IRS would go back to the Firstpay clients to whose accounts payments had been credited and to debit those accounts to the extent of funds returned to the Trustee.  In order to accomplish that result, the IRS would have to be able to identify those Firstpay clients and told the Trustee that it was able to do so.  As such, the IRS already has identified Firstpay victims and has the ability to do so.\

23.     The IRS has settled claims against Firstpay victims and has required proof of the fact that the victims actually paid their funds over to Firstpay.  Accordingly, the IRS has that information.

24.     The Court is well aware of the facts regarding the Trustee's claims against the IRS and the litigation that followed.   In connection with that litigation, the United States District Court noted that:

> The IRS seemingly violated its own procedures by allowing Firstpay - a third party - to change the address of record for its clients.  As a rule, the IRS does not credit change of address information from third parties: "[C]hange of address information that a taxpayer provides to a third party, such as a payor or another government agency, is not clear and concise notification of a different address for purposes of determining the last known address."  26 C.F.R. 301.6212-2(b)(2).

25.     All deficiency notices that were sent to Firstpay's clients were sent to the clients at Firstpay's business address.  The IRS has the ability to sort its records by the address to which the notices were sent and, in that way, has the ability to identify the Firstpay victims.

26.     The IRS cannot, in good faith, argue that it does not have this information.  In fact, it is the only party that has the information.

II.     <u>The IRS Cannot Continue to Hide Behind Disclosure Provisions</u>

26.     In its opposition, the IRS finally concedes that Firstpay clients' taxpayer information can be disclosed.

27.     Nonetheless, the IRS contends that the information cannot be provided until the clients are given notice of the proceeding.

28.     It is impossible for the Trustee to give such notice without knowing who those clients are.

29.     It is for that reason that the Trustee has filed his Motion.

30.     To the extent that notice is required to be provided, and the Trustee does not concede that it must, the burden of providing such notice must fall to the IRS as the only "party" with the information to provide the notice.

31.     In its Opposition, the IRS states that it has agreed to provide the Trustee with a list of the Debtor's clients and the amounts paid to their accounts during the 90-day preference period.  The Trustee does not recall such an agreement but welcomes the opportunity to be provided with such a list that, to date, has not been provided.

IV.     <u>Expenses Incurred in Connection with Providing The Information</u>

32.     For the reasons stated above, the Trustee contends that the IRS already has the information in its possession and there will not be any substantial cost involved in providing the information to the Trustee.

33.    For the reasons addressed in the litigation, the IRS' acts have largely contributed to the circumstances that gave rise to this bankruptcy case.

34.    As a governmental agency who serves for the benefit of the population, the IRS should not be further compensated for the information that has been requested by the Trustee.

35.    Ultimately, if the Court decides that compensation might be due to the IRS for performing this service, the proper vehicle for seeking such compensation would be for the IRS to file a Motion for Allowance of Administrative Claim **after** the information has been provided. Any such motion would have to include time records relating to the services provided, a description of how the information was obtained, and other information that would allow the Court to consider the reasonableness of the claim sought.  If allowed, the claim would be paid from estate funds distributed by the Trustee at the time that other similar administrative claims were paid..

<u>CONCLUSION</u>

WHEREFORE, for all of the reasons set forth above, Plaintiff respectfully requests that this Court:

A.    Enter an Order granting the relief requested in the Motion; and

B.    Granting such other and further relief as the nature of this cause may require.

Respectfully submitted,

[signature on following page]

7

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road
Suite 465
Rockville, Maryland  20850
(301) 984-6266
jorenstein@gwolaw.com

Attorneys for Michael G. Wolff, Trustee

CERTIFICATE OF SERVICE

I  HEREBY CERTIFY that on this 30th day of October, 2007, a copy of the foregoing was sent via  first class mail, postage pre-paid and/or via electronic mail to:  Gerald Role, Esq., United States Department of Justice, P.O. Box 227, Washington, D.C.  20044-0227; and to Office of the U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, Maryland  20770.

\s\ Jeffrey M. Orenstein
Jeffrey M. Orenstein

8